IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDATA TECHNOLOGIES, INC., ) | Civil Action No. 05-CV-9546 (LMM) (THK) |
| ) | |
| Plaintiff, ) | (ECF Case) |
| ) | |
| v. ) | |
| ) | |
| INFOCROSSING, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
INFOCROSSING, INC.'S MOTION FOR SEPARATE TRIALS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(b)**

JAMES E. CARTY III, P.C.
James E. Carty III, Esq.
250 Stelton Road, Suite #1
Piscataway, New Jersey 08854
Telephone: (732)-424-9000
Facsimile: (732)-424-0805
Attorneys for Infocrossing, Inc.

Defendant, Infocrossing, Inc. ("Infocrossing" or "Defendant") submits this memorandum of law pursuant to Federal Rule of Civil Procedure 42(b) and asks the court to order separate trials in this case with respect to the following claims and/or issues:

1. Plaintiff's Count One – Infringement of U.S. Patent 5,255,183 (the "183 Patent") with respect to liability and validity only.

2. Plaintiff's Counts Two and Three Infringement of U.S. Patents 5,646,839 (the "839 Patent") and 5,963,912 (the "912 Patent") with respect to liability and validity only.

3. The determination of actual damages suffered by the Plaintiff in respect to those instances where said allegation of infringement is established and then the determination of whether the infringement was willful.

## I. INTRODUCTION

This is a complex patent infringement cause of action arising out of Plaintiff, Sandata Technologies, Inc.'s ("Plaintiff" or "Sandata"), allegations related to the three aforementioned patents. Defendant has denied Plaintiff's claims of infringement and has filed affirmative defenses and counterclaims based on, *inter alia*, patent invalidity, patent unenforceability, equitable estoppel, statute of limitations, laches, unclean hands and non-infringement, antitrust violations[1], and Donnelly Act violations.

## II. ARGUMENT

Rule 42(b) of the Federal Rules of Civil Procedure provides that separation of trials is appropriate "in the furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition of economy". FED. R. CIV. P. 42(b). A court may bifurcate a lawsuit for purposes of trial when the case involves separate and distinct issues and when

---

[1] Discovery on Defendant's anti-trust claims have been stayed. Defendant has opposed the staying of said discovery and does not waive its right to engage in discovery related to its antitrust claim.

separate trials will do justice, avoid prejudice, and further the convenience of the parties and the court. *See Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). It is well settled law and universally recognized that Rule 42(b) grants district courts broad discretion to separate issues for trial. *See Gardco Mfg. v. Herst Lightning Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) (under Rule 42(b) district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management); *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) (citing factors courts should consider in exercising broad discretion to bifurcate issues).

District courts have considered the following factors in deciding whether separate trials are warranted under Rule 42(b): (i) complexity of the issues in question; (ii) potential for jury confusion; (iii) overlap of issues; and (iv) potential prejudice to the parties. The presence of any one of these factors is sufficient to warrant separation. *General Patent Corporation v. Hayes Microcomputer*, 1997 U.S. Dist. LEXIS 21342 (D.D. Ca. 1997); 8 *Moore's Federal Practice* § 42.20[4][a] (Matthew Bender 3d ed.). In the instant case, it is first necessary to determine the issue of infringement in regard to each of the patents at issue. Subsequent to an affirmative determination of infringement, the Court must next access the nature and degree of the said infringement, wherein a determination of willful conduct is adjudged. This judgment is then applied subsequent to the determination of actual and established damages in regard to the infringement, so as to exclude the possibility of prejudice to the parties.

### A. Separate Trials On Infringement Liability

Plaintiffs' claims are based on the alleged infringement of three separate patents - namely the 183 Patent, the 839 Patent and the 912 Patent. A single trial on the matter of infringement liability pertaining to the 183 Patent, the 839 Patent and the 912 Patent will most assuredly result

in the confusion of the jury as a function of the many complex issues such as the establishment of particular facts and hyper-technical legal issues as they relate to the validity and enforceability of each patent. In *Hewlett-Packard Co. v. Genrad, Inc. (Mass.1995) 882 F. Supp. 1411 Civ. A. No. 94-10675-RCL*, "Determining infringement is a two step process. The court first interprets the scope of the claim and then determines whether the accused device falls within the scope of the properly construed claim. *Dolly, Inc. v. Spalding & Evenflo Companies, Inc.,* 16 F.3d 394, 396-7 (Fed. Cir. 1994). Claims are "interpreted in light of the claim language, the specification, and the prosecution history." *Intel Corporation v. United States International Trade Commission,* 946 F.2d 821, 835 (Fed. Cir. 1991); accord *McGill, Inc. v. John Zink Company,* 736 F.2d 666, 673-5 (Fed. Cir), cert. denied, 469 U.S. 1037, 105 S.Ct. 514, 83 L.Ed.2d 404 (1984) (recognizing that "[p]rosecution history may be used not only in an estoppel context but also as a claim construction tool")". Most specifically, the fact that the claims of each patent must be viewed independently to determine that the claims survive scrutiny in respect to the defenses of prosecution (file wrapper) estoppel, lack of priority, and failure to satisfy the statutory requirements of 35 USC §§ 101, 102, 103 and 112. These require that the jury be afforded a thorough and sequential review, wherein the processes of evaluating the issues of liability are first weighed in regard to the 183 Patent, proceeding then to the 839 Patent and terminating with the 912 Patent. This permits the clear demarcation of the findings in their relevant order so that the Court may conveniently draw upon these when moving next to establish the willfulness, if support for such action is satisfied. The Defendant maintains that there exists a reasonable likelihood of success on the merits with regard to non-infringement and unenforceability of the 183 Patent. The Defendant maintains that a favorable ruling regarding the unenforceability of the 183 Patent supports the collateral estoppel against all other issues of

liability and damages raised in the 839 and 912 Patents, as their reliance and claim of priority is based on the 183 Patent, *Mendenhall v. Barber-Greene Company, 26F.3d 1573 (Fed. Cir. 1994)*.

In the converse, should the Court find that the Plaintiff has prevailed in regard to the claim of liability of one or more of the above patents, then the actual damages rendered as a function of the Defendant's actions should be established for each patent and subsequent thereto the factor of willfulness should be applied. The aggregation of these three distinct, though interrelated patents in the instant case presents a real and present danger of causing a miscarriage of justice as the jury's decision may prove inconsistent with the established rights of the parties.

It is requested that the Court take due notice that despite the fact that the number of total claims at issue involves only five (5) claims, this is a very complex case for a jury which requires the presentation of the individual patent prosecution histories, wherein support for matters of prosecution (file wrapper) estoppel, claim construction incident to 35 USC §§ 102, 103, 112 Paragraph 1, and 120 are grounded. These essential elements of the Plaintiff's case demand the express diligence of the jury in respect to each patent at issue in the instant case. The possibility of obfuscation due to the overlap of issues of fact related to these patents poses a distinct risk of misdirecting the outcome and prejudicing the parties.

The discretion of the Court in bifurcating issues when faced with matters of complex litigation is well established in law and is supported by the following reasoning and precedent:

    a.    the issues are clearly separable and can be tried separately without confusing the jury. See Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964-65 (10th Cir. 1993);

b. bifurcating the issues in the lawsuit will avoid prejudice to the parties. *See Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512 n.14 (11th Cir. 1997); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996). No party will be prejudiced by the bifurcations requested herein;

c. bifurcation will enhance juror comprehension of complex issues and reduce the time needed to present the evidence. *Barr Labs., Inc. v. Abbott Labs.*, 978 F.2d 98, 115 (3d Cir. 1992); and

d. separate trials of the issues of infringement liability as to the 183 Patent on the one hand and the 839 and 912 Patents on the other will be more convenient and less confusing to the parties and the court and will enable the lawyers to be more efficient with the presentation of evidence. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986); *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964-65 (10th Cir. 1993).

**B.  The Issue Of Damages Should Be Tried Separately**

"Federal precedent suggests that the entire damages phase of patent litigation could be severed from issues of liability, upon a finding that the damages issues are complicated and extensive evidence would be necessary on these issues." *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1977) (citing Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992). In this case, both liability and damages issues are complicated. The liability issues are obviously complex because the case involves not one but three technically complicated patents. Moreover, Defendant's affirmative defenses and counterclaims, wherein they demand a thorough and meticulous review of the claim

construction and review of the incident specification of each of the subject patents in light of the prosecution history, greatly adds to the complexity of the liability issues thus giving greater support for separate trials on liability and damages.

Separate trials on liability and damages serve to prevent jury confusion. The combination of highly technical factual issues and complex damages analysis involving three patents presents a substantial risk of confusion to an unsophisticated jury. Arriving at an understanding of the underlying technological principles involved in the relevant patents presents a significant challenges to a lay jury charged with determining whether there was an infringement and if so, to what extent do Defendant's affirmative defenses and counterclaims apply. In addition, the risk of jury confusion is great because this case requires the presentation of detailed technical documentation and expert analysis which could both "clutter the record" and prove difficult for the jury to fully comprehend, if not afforded adequate time. *Princeton Biochemical, Inc.*, 180 F.R.D. at 257 (*citing Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 984 (D. Del. 1982)). "As such, the complexity of the liability issues as well as the resulting potential threat of prejudice due to jury confusion, present a controversy ripe for bifurcation." *See Princeton Biochemical, Inc.*, 180 F.R.D. at 258.

Further, in the event Infocrossing is found liable for less than all of the subject patents, it decreases the possibility of the jury penalizing Infocrossing beyond the scope of liability to which it should be subjected. For example, if the court rules to conduct separate trials for each of the patents, and if Infocrossing is found to have infringed one of the three patents, the possibility that the jury will unduly penalize Infocrossing would be substantially decreased.

Moreover, the liability analysis is distinct from the damages analysis. Separate trials are appropriate where the evidence offered on two different issues will be wholly distinct. *See*

- 8 -

*Vichare v. Ambac, Inc.*, 106 F.3d 457, 466 (2d Cir. 1996) (*citing Katsaros v. Cody*, 744 F.2d 270, 278 (2d. Cir. 1984). There is unlikely to be "an instance in a patent action where the damages issue is so interwoven with the other issues that it [could] not be submitted to a jury independently of the others without confusion and uncertainty." *Princeton Biochemicals, Inc.*, 180 F.R.D. at 257 (internal citations omitted). In this case, the issues of liability and damages are distinct. The liability portion of the case turns on whether Infocrossing infringed on one of three patents notwithstanding Defendants affirmative defenses and counterclaims. The damages portion, on the other hand, involves an independent analysis of financial and sales data and documents. There is no significant overlap of evidence between the two portions of the case. Finally, neither party will be unduly prejudiced by separate trials on the issues of liability and damages.

### C. Willfulness Should Not Be Tried With The Damages Issue

In *Computer Associates International, Inc. v. Simple.Com* (E.D.N.Y. 9-25-2007), "The Federal Circuit has recently announced a new standard for willful infringement: "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "that this objectively defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology, LLC,* 2007 WL 2358677 (C.A. Fed. Aug. 20, 2007). Although the standard has changed, the interdependence of willfulness and infringement has not changed given that the "objectively defined risk" is determined by the record developed in the infringement proceeding." *Id.*

Plaintiff alleges that Defendant's infringement of the relevant patents was willful and deliberate. A finding of willfulness may lead to an enhancement of damages in a patent infringement law suit. *See Novopharm Limited v. Torpharm*, 181 F.R.D. 308, 311 (E.D.N.C. 1998). Therefore, the issues pertaining to willful infringement should logically be reserved for adjudication after liability had been determined. *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. at 260. Plaintiff will not suffer prejudice if the willfulness issues are determined separately from the liability issues. If Infocrossing is successful in defeating Sandata's infringement claims, the issue of willfulness and damages are rendered moot.

## III. CONCLUSION

For the reasons stated herein, Infocrossing, Inc. asks the court to grant its Motion for Separate Trials and issue an order providing for separate trials with respect to the following claims and/or issues:

1. Plaintiff's Count One – Infringement of U.S. Patent 5,255,183 (the "183 Patent") with respect to liability and validity only.

2. Plaintiff's Counts Two and Three Infringement of U.S. Patents 5,646,839 (the "839 Patent") and 5,963,912 (the "912 Patent") with respect to liability and validity only.

3. The determination of actual damages suffered by the Plaintiff in respect to those instances where said allegation of infringement is established and then the determination of whether the infringement was willful.

The requests set forth herein are not for purposes of delay or harassment but that justice may be done.

Dated: January 7, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: s/James E. Carty, III
　　　　　　　　　　　　　　　　　　　　James E. Carty III, Esq.  (JEC1490)
　　　　　　　　　　　　　　　　　　　　JAMES E. CARTY III, P.C.
　　　　　　　　　　　　　　　　　　　　250 Stelton Road, Suite #1
　　　　　　　　　　　　　　　　　　　　Piscataway, New Jersey  08854
　　　　　　　　　　　　　　　　　　　　Telephone:  (732) 424-9000
　　　　　　　　　　　　　　　　　　　　Facsimile:   (732) 424-0805
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Infocrossing, Inc.