IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDATA TECHNOLOGIES, INC., ) | Civil Action No. 05-CV-9546 (LMM) (THK) |
| ) | |
| Plaintiff, ) | (ECF Case) |
| ) | |
| v. ) | |
| ) | |
| INFOCROSSING, INC., ) | |
| ) | |
| Defendant. ) | |

**INFOCROSSING'S *REPLY* TO SANDATA'S OPPOSITION TO INFOCROSSING'S MOTION FOR SEPARATE TRIALS.**

JAMES E. CARTY III, P.C.
James E. Carty III, Esq.
250 Stelton Road, Suite #1
Piscataway, New Jersey 08854
Telephone: (732)-424-9000
Facsimile: (732)-424-0805
Attorneys for Infocrossing, Inc.

Dated: February 4, 2008

- 2 -

This is a complex patent infringement cause of action, which includes complex affirmative defenses and counterclaims.

On January 7, 2008, Defendant, Infocrossing, Inc. ("Infocrossing" or "Defendant") filed a Motion for Separate Trials [Document No. 161] and supporting Memorandum of Law pursuant to Federal Rule of Civil Procedure 42(b) [Document No. 163] to request separate trials in this cause of action. On January 25, 2008, Plaintiff, Sandata Technologies, Inc. ("Plaintiff" or "Sandata") filed its Memorandum of Law in Opposition to Defendant's Motion for Separate Trials. [Document No. 188]. Infocrossing files this Reply to Sandata's Opposition and states as follows.

In Infocrossing's Memorandum of Law in support of its Motion for Separate Trials, Defendant pointed out that Rule 42(b) of the Federal Rules of Civil Procedure provides that separation of trials is appropriate "in the furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition of economy". Fed. R. Civ. P. 42(b). A court may bifurcate a lawsuit for purposes of trial when the case involves separate and distinct issues and when separate trials will do justice, avoid prejudice, and further the convenience of the parties and the court. *See Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). Furthermore, Infocrossing pointed out that it is well settled law and universally recognized that Rule 42(b) grants district courts broad discretion to separate issues for trial.

Sandata's counsel has been consistent in its flawed assumption that it has already won this case as to all claims, defenses and counterclaims. It has also been consistent with the inaccurate conclusion that everything that Infocrossing does is an effort to bring about a delay in the case. These weak arguments do not preclude one basic principle related to the case – that this Court

has absolute discretion to grant separate trials in the furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition of economy.

Sandata's counsel's opinion that this is not a complex patent infringement case involving complicated legal and factual issues, affirmative defenses and counterclaims does not make it so. This opinion certainly runs contrary to the Joint Pretrial Order wherein Sandata's counsel estimated that the trial in this cause of action would last 10 days. Why would it have to take 10 days to complete a trial that involves simple claims, simple issues, simple affirmative defenses and simple counterclaims?

If this case is so simple, why did Sandata's Motion for Partial Summary Judgment (See Document No. 165, Sandata's Memorandum of Law pg. 2) implore the Court to grant partial summary judgment on any of three basis for invalidity of the three patents-in-suit, so that the trial of this case could be "tremendously simplified"?

It is clear that Sandata's Opposition to Infocrossing's Motion For Separate Trials is simply disingenuous.

Contrary to Sandata's Opposition, Infocrossing thoroughly briefed why (a) separate trials should be granted on liability for the 183 Patent versus the 839 and 912 Patents, (b) the issue of damages should be tried separately, and (c) why the issue of willfulness should not be tried with the damages issue.

**PRAYER FOR RELIEF**

For the reasons stated herein, in Defendant's Motion for Separate Trials and Memorandum of Law in Support thereof, Infocrossing, Inc. asks the Court to grant its Motion and for such further relief to which Defendant is entitled. The requests set forth herein are not for purposes of delay or harassment but that justice may be done.

- 4 -

Dated: February 4, 2008                    Respectfully submitted,

By: s/James E. Carty, III
James E. Carty, III (JEC1490)
JAMES E. CARTY III, P.C.
250 Stelton Road, Suite #1
Piscataway, New Jersey 08854
Telephone: (732) 424-9000
Facsimile: (732) 424-0805
Attorneys for Defendant Infocrossing, Inc.

## CERTIFICATION OF SERVICE

I hereby certify that on this 4th day of February, 2008, I served: (i) INFOCROSSING'S *REPLY* TO SANDATA'S OPPOSITION TO INFOCROSSING'S MOTION FOR SEPARATE TRIALS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(b); and (ii) CERTIFICATION OF SERVICE, upon counsel for Plaintiff by causing a true copy thereof to be sent both electronically, through the Court's electronic filing system, pursuant to Local Civil Rule 5.2, and by first class mail, postage prepaid, to the following:

>Daniel M. Gantt, Esq.
>Fulbright & Jaworski, LLP
>666 Fifth Avenue, 31st Floor
>New York, New York 10103

>/s/James E. Carty, III
>James E. Carty III, Esq. (JEC1490)
>JAMES E. CARTY III, P.C.
>Attorneys for Infocrossing, Inc.